1  Eric D. Houser (SBN 130079)
   Bethany R. Burrill (SBN 294088)
2  HOUSER & ALLISON
   A Professional Corporation
3  9970 Research Drive,
   Irvine, California 92618
4  Telephone:  (949) 679-1111
   Facsimile:  (949) 679-1112
5
6  Attorneys for Defendant
   Ocwen Loan Servicing LLC
7
8              UNITED STATES DISTRICT COURT
9            CENTRAL DISTRICT OF CALIFORNIA
10
11 JOHN R. CHASE, an individual,          ) Case No.:  2:15-cv-9224-BRO(AGRx)
                                          )
12            Plaintiff,                  )
                                          ) **NOTICE OF MOTION AND MOTION TO**
13 v.                                     ) **DISMISS PLAINTIFF'S FIRST**
                                          ) **AMENDED COMPLAINT FOR FAILURE**
14 OCWEN LOAN SERVICING, LLC, a business ) **TO STATE A CLAIM UPON WHICH**
   entity form unknown; LAW OFFICES OF LES ) **RELIEF CAN BE GRANTED**
15 ZIEVE, a business entity form unknown, and )
   DOES 1 through 100, inclusive,         ) **[FRCP Rule 12(b)(6)]**
16                                        )
17            Defendants.                 ) Date:    January 25, 2016
                                          ) Time:    1:30 p.m.
18                                        ) Ctrm.:   14
                                          ) Judge:  Beverly Reid O'Connell
19                                        )
                                          ) *[Filed concurrently with Request for Judicial*
20                                        ) *Order and Proposed Order]*
21                                        )
                                          )
22                                        )

23 ─────────────────────────────────

24      **TO THE CLERK OF THIS COURT AND ALL PARTIES AND**

25 **THEIR ATTORNEYS OF RECORD, IF ANY:**

26
27
28
   ───────────────────────────────────────────
   **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**
                                  1

**PLEASE TAKE NOTICE** that on January 25, 2016 at 1:30 p.m. in Courtroom 14, of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, California 90012-4701, Defendant, Ocwen Loan Servicing, LLC ("Ocwen") will move this court for an Order dismissing Plaintiff John R. Chase's ("Chase" or "Plaintiff) First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 12(b )(6) for failing to state a claim upon which relief can be granted. This motion is made on the grounds that Plaintiff has failed to plead the essential facts which give rise to his claims and/or the claims are barred on their face, as confirmed by matters which may be properly judicially noticed by this court.

This motion is based upon this notice of motion and motion, the attached memorandum of points and authorities, the complete files and records in this action, the Request for Judicial Notice filed concurrently herewith, the oral argument of counsel and upon such other and further evidence as this court might deem proper.

Pursuant to Local Rule 7.3, Ocwen's counsel contacted Plaintiff's counsel to discuss Plaintiff's allegations in the complaint and the FAC, the Motion, and potential resolution thereof. Ocwen's counsel is still attempting to engage in settlement discussions with Plaintiff's counsel, but files this Motion in compliance with the deadlines set forth by Federal Rules of Civil Procedure.

1 | Dated: December 28, 2015

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**HOUSER & ALLISON, APC**

/s/ Bethany R. Burrill
Eric D. Houser, Esq.
Bethany R. Burrill, Esq.
Attorneys for Ocwen Loan Servicing, LLC

---

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................1

II.    FACTUAL HISTORY AND ALLEGATIONS OF THE FAC ..................2

III.   LEGAL STANDARD ............................................................................4

IV.    ANALYSIS .............................................................................................5

    A. PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF
       CALIFORNIA CIVIL CODE SECTION 2923.6 FAILS.......................5

    B. PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF THE
       CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION
       17200 ALSO FAILS. ..........................................................................8

    C. PLAINTIFF'S CLAIM OF NEGLIGENCE FAILS. ..........................9

    D. PLAINTIFF'S CLAIM FOR NEGLIGENT
       MISREPRESENTATION FAILS. .......................................................11

    E. PLAINTIFF'S FIFTH CLAIM FOR RELIEF FOR BREACH OF
       CONTRACT FAILS. ..........................................................................12

    F. PLAINTIFF'S SIXTH CLAIM FOR RELIEF FOR BREACH OF
       THE COVENANT OF GOOD FAITH AND FAIR DEALING
       FAILS. ................................................................................................14

V.     CONCLUSION ......................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Aleksick v. 7–Eleven, Inc.* 205 Cal.App.4th 1176, 1185 (2012) .............................. 9

*Alexander v. Codemasters Group Limited*, 104 Cal.App.4th 129, 141 (2002) ...... 13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................... 4

*Balistreri v. Pacifica Police Department*, 855 F.2d 1421, 1424 (9th Cir. 1988) ..... 4

*Bentley v. Mountain*, 51 Cal.App.2d 95, 98 (1942) .......................................... 13

*Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545, 1554 (2011) ................... 8

*Branch v. Tunnell*, 14 F.3d 449,453-54 (9th Cir. 1994) ...................................... 5

*Careau & Co. v. Security Pacific Business Credit, Inc.* 222 Cal.App.3d 1371, 1395 (1990) ..................................................................... 14

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) .................................................. 4

*Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996) ............................................ 5

*Durell v. Sharp Healthcare)* 183 Cal.App.4th 1350, 1368-1369 (2010) .............. 13

*Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) .................. 5

*Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986) ......................................... 11

*Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ................................... 4

*Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 519, 522 (2013)... 8

*Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49 (2013) .............. 10

*Moss v. U.S. Secret Service*, 572 F.2d 962, 969 (9th Cir. 2009) ...................... 4

*Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004).. 15

*Racine & Laramie, Ltd. v. Department of Parks and Recreation* 11 Cal.App.4th 1026, 1031-1032, 1039 (1992) ..................................................................... 14

*Schulz v. Neovi Data Corp*, 152 Cal. App. 4th 86, 92 (2007) ............................. 8

*Shepherd v. American Home Mortg. Services, Inc.*, 2009 WL 4505925, at *2 (E.D. Cal. 2009) ..................................................................... 10

*Small v. Fritz Cos., Inc.*, 30 Cal.4th 167.1 173 (2003) .................................... 11

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ................ 4

*Wagner v. Benson*, 101 Cal.App.3d 27, 35 (1980) .................................................. 10

*Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal.App.4th 1171, 1178

   (2008) ........................................................................................................ 13


**Statutes**

*Bus. & Prof. Code* §17204 .......................................................................... 8

*Cal. Civ. Code* § 2923.6(c) .......................................................................... 5

*Cal. Civ. Code* § 2923.6(g) .......................................................................... 6

*Cal. Civ. Code* §§2924.18(d), 2924.10(b) and 2923.6(h) ......................... 6

FRCP Rule 201 .............................................................................................. 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On or about December 16, 2005, Plaintiff obtained a loan for $417,000.00. Plaintiff has been in default on the loan since November 1, 2011 and owes over $80,000 in arrears. Plaintiff's lawsuit is nothing more than an attempt to frustrate Ocwen Loan Servicing, LLC's ("Ocwen") legal right to proceed with the trustee's sale. Plaintiff was evaluated and afforded more than a fair opportunity to be evaluated for a loan modification prior to recordation of the Notice of Trustee's Sale in compliance with the California Homeowners Bill of Rights ("HBOR"). Plaintiff's loan was already modified after he defaulted in 2010. Plaintiff then again defaulted on the 2010 modification agreement and was offered another loan modification in 2012, which Plaintiff failed to accept. Ocwen thereafter reviewed Plaintiff several more times for a loan modification, but was found ineligible. Ocwen sent Plaintiff denial letters in compliance with *Civil Code* §2923.6.

By Plaintiff's own admissions in the FAC, there was no complete loan modification application pending at the time the Notice of Default or the Notice of Trustee's Sale was recorded. Further, contrary to Plaintiff's conclusory allegations, Plaintiff did not experience a material change in his financial circumstances to obligate Ocwen to review his subsequent modification application as alleged in his complaint. Therefore, Ocwen did not violate HBOR or engage in unfair or unlawful practices when it recorded the Notice of Trustee's Sale. Moreover,

Ocwen never misrepresented the status of foreclosure to Plaintiff and Plaintiff has not pled any facts to excuse his non-performance of the loan documents. Because none of Plaintiff's allegations in the FAC against Ocwen are supported by fact or law, Plaintiff's FAC fails to state a claim upon which relief can be granted.

## II.     FACTUAL HISTORY AND ALLEGATIONS OF THE FAC

On or about December 16, 2005, Plaintiff obtained a mortgage loan in the principal amount of $417,000.00 which was memorialized by a Note and secured by a Deed of Trust recorded on January 3, 2006 against the real property located at 52 Deer Creek Road, Pomona, California 91766 (the "Loan") (Request for Judicial Notice ("RJN"), Exhibit ("Ex.") A.) After obtaining the Loan, Plaintiff defaulted on his obligations under the Note. (RJN, Ex. I, Tollefson Decl., ¶ 5; FAC, ¶35.) Plaintiff obtained his first modification to the Loan in July 2010 through his prior loan servicer, GMAC Mortgage, Inc. ("GMAC"). (RJN, Ex. I, page 2 and attached Supplemental Declaration of Nicole Tollefson ("Tollefson Decl.", paragraph 7 and Exhibits thereto). Thereafter, Plaintiff defaulted again on the modification agreement. (RJN, Ex. I, Tollefson Decl., ¶ 8.) On August 29, 2012, a Notice of Default was recorded, which stated that as of August 27, 2012, Plaintiff was in default in the amount of $20,824.49, and remained due for the November 1, 2011 payment. (RJN, Ex. D.) In or around December 2012, GMAC reviewed Plaintiff again for another modification and offered Plaintiff a non-HAMP Trial Period

Plan, which Plaintiff failed to accept. (RJN, Ex. I, page 2 and Tollefson Decl., ¶¶ 8 and 9 and Exhibits thereto.)

In or about February 2013, the servicing rights of the Loan were transferred from GMAC to Ocwen. (RJN, Ex. I.) Ocwen reviewed Plaintiff several times for a loan modification, but was found ineligible. (RJN, Ex. K, page 2 and Tollefson Decl., ¶¶ 10-13 and Exhibits thereto.) Written denials were sent to Plaintiff. (*Id.*; Ex. K.) Ocwen received another partial application from Plaintiff in or around November 2014. (RJN, Ex. K, page 2 and Tollefson Decl., ¶¶ 14-15 and Exhibits thereto.) As of February 17, 2015, Plaintiff failed to submit a complete application and Ocwen advised Plaintiff of same several times in writing. (RJN, Ex. K, Tollefson Decl., ¶ 16, and Exhibits thereto.) Therefore, on February 23, 2015, a Notice of Trustee's Sale ("NOTS") was recorded, setting the foreclosure sale to occur on March 16, 2015. (RJN, Ex. G). Plaintiff's income remained constant through all loan modification applications submitted to Ocwen, and Plaintiff never submitted any documentation to Ocwen showing otherwise. (RJN, Ex. K, Tollefson Decl., ¶¶ 19-20.)

On March 5, 2015, Plaintiff filed this action in State Court and on March 11, 2015, Plaintiff obtained a temporary restraining order stopping the foreclosure sale. (RJN, Ex. H.) To date, the foreclosure sale has not occurred. Shortly before this case was removed to federal court, Plaintiff amended the complaint to add Residential Credit Solutions, Inc. ("RCS") as a DOE defendant. Thereafter,

1   Plaintiff filed his FAC. The FAC's allegations are the same as those contained in

2   the original complaint, with the exception to a new allegation that Plaintiff was

3   offered a modification in April 2014, but it was allegedly not sent the offer until

4   two weeks prior to the acceptance deadline. The FAC offers no factual support for

5   

6   any of the allegations contained in the FAC.

7   

8   **III.   LEGAL STANDARD**

9           Pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6), a complaint

10  may be dismissed if it appears beyond doubt that plaintiff can prove no set of facts

11  

12  in support of a claim which would entitle plaintiff to relief. *Conley v. Gibson*, 355

13  U.S. 41, 45-46 (1957); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980).

14  Where the claims in a complaint are insufficiently supported by factual allegations,

15  

16  the claims may be disposed of by summary dismissal. *Balistreri v. Pacifica Police

17  Department*, 855 F.2d 1421, 1424 (9th Cir. 1988). "[A] cause of action's elements

18  supported by conclusory statements" are insufficient to overcome a motion to

19  

20  dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss,

21  the complaint must have non-conclusory factual content from which reasonable

22  inferences can be drawn that are plausibly suggestive of a claim. *Moss v. U.S.

23  Secret Service*, 572 F.2d 962, 969 (9th Cir. 2009). A court is not "required to

24  

25  accept as true allegations that are merely conclusory, unwarranted deductions of

26  fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d

27  979, 988 (9th Cir. 2001). Additionally, a court is not limited to the allegations of

28

the complaint in ruling on a motion to dismiss, but can also consider any documents attached to the complaint or take judicial notice of recorded loan and title documents, and their contents, if they are referenced in the complaint, and are thus deemed incorporated. FRCP Rule 201; *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Branch v. Tunnell*, 14 F.3d 449,453-54 (9th Cir. 1994), overruled on other grounds. Finally, when amendment would be futile, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## IV. ANALYSIS

### A. PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.6 FAILS.

Plaintiff's claim for violation of Section 2923.6 fails because he did not submit a complete modification application. *California Civil Code* Section 2923.6(c) provides, in relevant part, that "If a borrower submits a **complete application for a first lien loan modification…a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale**" while the complete first lien loan modification application is pending. *Cal. Civ. Code* § 2923.6(c) (emphasis added). **A loan modification application is deemed to be "complete" when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer** within reasonable timeframes specified by the mortgage

servicer." *Cal. Civ. Code* §§2924.18(d), 2924.10(b) and 2923.6(h). Accordingly, Section 2923.6(c) only applies when a **complete** modification application is submitted and pending.

Here, Plaintiff admits in the FAC that his modification application remained incomplete at the time the NOTS was recorded and that Ocwen required further documentation from Plaintiff. (FAC, ¶ 45-53.) Therefore, because there was no complete modification application pending at the time the NOTS was recorded, Section 2923.6 does not apply and Plaintiff claim fails.

Moreover, Plaintiff's claim fails because Subsection 2923.6(g) expressly prevents borrowers like Plaintiff from submitting multiple modification applications in attempt to delay foreclosure. In relevant part, Section 2923.6(g) states:

> In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, **the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.**

*Cal. Civ. Code* § 2923.6(g) (emphasis added).

Here, Plaintiff had been evaluated and afforded more than a fair opportunity to be evaluated for a loan modification multiple times prior to the Notice of Trustee's Sale being recorded. (Ex. I, Tollefson Decl., ¶¶ 7, 8, 11, 13, 15.) Plaintiff's loan was modified after he defaulted in 2010. Plaintiff was offered another loan modification in December 2012 after he defaulted on the 2010 modification agreement. [Ex. I, Tollefson Decl., ¶¶ 7-8.] However, Plaintiff failed to accept the modification offer. [Ex. I, Tollefson Decl., ¶ 9.] Thereafter, Ocwen reviewed Plaintiff for a loan modification several more times in 2014 but was found ineligible for a modification. [Ex. I, Tollefson Decl., ¶¶ 10-11, 12-13, 14-15.] The last denial letter that Ocwen sent to Plaintiff, which was in compliance with *Civil Code* §2923.6, was on or about August 22, 2014. [Ex. I, Tollefson Decl. Exhibit 9] The Notice of Trustee's Sale was not recorded until several months after the last denial appeal period expired.

Further, the FAC's allegations regarding Plaintiff experiencing a material change in his income are solely conclusory with no factual basis. There are no facts alleged that Plaintiff ever supplied any loan modification application to either Ocwen or Ocwen evincing any of the alleged changes from March 2014 to date. To the contrary, the record shows that Plaintiff never experienced a material change in his income in or about September 2014, or any other time for that matter, to entitle him to another review. (Ex. I, Tollefson Decl., ¶19-20 and Exhibits thereto.) Even if there was a material change in Plaintiff's circumstances,

1   Plaintiff was still denied for a modification *after* he submitted several more

2   modification applications that included documentation of his alleged "material

3   change" in income. (Ex. L.) Regardless, the FAC establishes that there was no

4   complete application pending at the time the NOTS was recorded. Therefore,

5

6   Plaintiff's first claim fails. Even if Plaintiff could state a claim, he is only entitled

7   to injunctive relief, not the damages he seeks in the FAC, under the statutory

8   scheme.

9

10   B.   **PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF THE**
      **CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION**
11    **17200 ALSO FAILS.**

12

13         Plaintiff cannot maintain a *California Business and Professions Code*

14   Section 17200 ("UCL") claim because no evidence exists that Plaintiff suffered

15   economic injury and that such injury was caused by the unfair/unlawful practice of

16

17   Ocwen's. (*See Bus. & Prof. Code* §17204; *Schulz v. Neovi Data Corp*, 152 Cal.

18   App. 4th 86, 92 (2007) [noting plaintiff must allege specific wrongful conduct of

19   each defendant].)  Standing to sue under the UCL is limited to any "person who

20   has suffered injury in fact and has lost money or property" as a result of unfair

21

22   competition. *Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545, 1554 (2011).

23   "A plaintiff fails to satisfy the causation prong of the statute if he or she would

24   have suffered 'the same harm whether or not a defendant complied with the law.'"

25

26   *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 519, 522 (2013)

27

28

---

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1   (plaintiff's UCL claim failed because admitted she defaulted on the loan and that

2   the default occurred before the defendants' alleged unlawful acts.)

3

4         Here, like *Jenkins*, Plaintiff's default triggered the lawful enforcement of the

5   power of sale clause in the Deed of Trust, and it was the triggering of the power of

6   sale clause that subjected the Property to foreclosure. (*See Id.* at p. 523.) Because

7   default occurred before any of Ocwen's allegedly wrongful actions, Plaintiff

8   cannot assert the impending foreclosure of the Property was caused by Ocwen's

9

10  wrongful actions or show a causal link to his economic injury. As such, Plaintiff

11  cannot establish standing to bring a UCL claim.

12

13        Further, Plaintiff's UCL claim is based on the same allegations as his failed

14  Section 2923.6 statutory claim and is therefore derivative of those claims. (FAC, ¶¶

15  95-99). When the underlying cause of action fails, a derivative UCL claim also

16  fails. (*Aleksick v. 7–Eleven, Inc.* 205 Cal.App.4th 1176, 1185 (2012) ["When a

17

18  statutory claim fails, a derivative UCL claim also fails."].) Because all of

19  Plaintiff's predicate causes of action fail, his UCL cause of action also fails. Since

20  FAC is completely devoid of any facts that Ocwen engaged in any fraudulent,

21

22  unfair or unlawful practice, this claim for relief fails.

23  **C.   PLAINTIFF'S CLAIM OF NEGLIGENCE FAILS.**

24        Plaintiff cannot establish a claim for Negligence and the allegations in the

25  FAC do not amount to Negligent Misrepresentation. "The existence of a duty of

26  care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for

27

28

negligence." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49 (2013). "Loan servicers do not owe a duty to the borrowers of the loans they service." *Shepherd v. American Home Mortg. Services, Inc.*, 2009 WL 4505925, at *2 (E.D. Cal. 2009). "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal.App.3d 27, 35 (1980). The offering or consideration of home loan modifications are sufficiently connected to conventional lending transactions as to come within the scope of a bank's conventional role as a mere lender of money. *Lueras*, 221 Cal.App.4th at 67.[1] The *Lueras* court held that a mortgage servicer did not have a duty of care to handle a borrower's loan in such a way to prevent foreclosure. *Id.* at 68. The court reasoned that a mortgage servicer's duties, if any, "are imposed by the loan documents and the Forbearance Agreement, statutes, or regulations. If [the mortgage servicer] failed to 'follow through' on those agreements, then [plaintiff's] remedy lies in a breach of contract, not negligence." *Id.*

Here, Plaintiff's allegations are not unique to those in *Lueras* and do not justify a deviation from the general rule that mortgage servicers and borrowers operate at arm's length. As in *Lueras*, Ocwen did not exceed the scope of its conventional role as a loan servicer and therefore, Ocwen owed no duty to

---

[1] The *Lueras* court reasoned, "If the lender did not place the borrower in a position creating a need for a loan modification, then no moral blame would be attached to the lender's conduct." *Lueras*, 221 Cal.App.4th at 67.

Plaintiff. Moreover, because Plaintiff was afforded more than a fair opportunity to be evaluated for a loan modification, it would be contrary to the intent of Section 2923.6 to find that Ocwen owed Plaintiff a duty of care to review Plaintiff's subsequent application for yet another loan modification prior to recording the NOTS. Further, Plaintiff has provided no evidence to meet his burden to show that Ocwen affirmatively mishandled his application. Rather, the FAC's allegations reveals that Ocwen tried to work with Plaintiff to help him submit a complete application. It was the fault of Plaintiff, not Ocwen, that Plaintiff did not submit a complete application.

## D.  PLAINTIFF'S CLAIM FOR NEGLIGENT MISREPRESENTATION FAILS.

Plaintiff cannot establish a claim for negligent misrepresentation. Negligent misrepresentation is a form of deceit, the elements of which consist of (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986). Negligent misrepresentation replaces the scienter requirement with a requirement that the defendant have "no reasonable ground" for believing the representation to be true. *Small v. Fritz Cos., Inc.*, 30 Cal.4th 167.1 173 (2003).

1        Here, Ocwen has made no misrepresentations of any kind to Plaintiff

2   regarding his loan modification applications or the status of the foreclosure.

3   Nothing in the FAC amounts to a misrepresentation. The loan modification

4   application that Plaintiff submitted after his November 19, 2014 denial was

5   incomplete. Plaintiff does not allege that Ocwen represented to him that they

6   would not continue to foreclose on his property while his application remained

7   incomplete. Rather, Plaintiff only alleges that Ocwen informed him that there was

8

9   no foreclosure sale date set as of December 16, 2014. [FAC, ¶ 46.] Ocwen did not

10  set a foreclosure sale date on Plaintiff's property until February 18, 2015. [Ex. I,

11

12  Tollefson Decl.,¶ 16.] Further, Ocwen informed Plaintiff in a written notice that

13  Ocwen may continue advancing the foreclosure sale process on his property while

14

15  his application remained incomplete. [Ex. I, Tollefson Decl. Exhibit 11.]

16  Therefore, contrary to Plaintiff's allegations, Ocwen did not misrepresent the

17

18  status of the foreclosure of his property. Because Plaintiff fails to allege facts with

19  the requisite specificity to establish negligent representation, this claim fails.

20

21  **E.   PLAINTIFF'S FIFTH CLAIM FOR RELIEF FOR BREACH OF CONTRACT FAILS.**

22

23       Plaintiff's own non-performance precludes his fifth and sixth claims. "The

24  standard elements of a claim for breach of contract are: '(1) the contract, (2)

25  plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and

26  (4) damage to plaintiff therefrom.'" *Wall Street Network, Ltd. v. New York Times*

27

28

*Co.*, 164 Cal.App.4th 1171, 1178 (2008). "To form a contract, an 'offer must be sufficiently definite ... that the performance promised is reasonably certain.'" *Alexander v. Codemasters Group Limited*, 104 Cal.App.4th 129, 141 (2002). "The allegations of the amended complaint to the effect that defendants 'violated' said contracts, or 'caused the violation' of said contracts by others, are allegations of fact showing such violations." *Bentley v. Mountain*, 51 Cal.App.2d 95, 98 (1942). A plaintiff cannot partially satisfy its obligations under a contract, then bring a claim for breach of contract to obtain the benefit thereof. *Durell v. Sharp Healthcare*) 183 Cal.App.4th 1350, 1368-1369 (2010). A complaint cannot state a cause of action for breach of contract where the plaintiff has not <u>specifically</u> pleaded an excuse for nonperformance. *Id.* "One party to a contract cannot compel another to perform while he himself is in default." *Id.* at 1367.

Plaintiff enjoyed the full benefit of the contract when the loan proceeds were dispersed. Therefore, Plaintiff's breach of contract cause of action fails because Plaintiff does not and cannot allege that he fully complied with the terms of the Note and Deed of Trust as he admits he was in default. (FAC, ¶ 35.) Plaintiff also does not and cannot allege that his performance was excused. Plaintiff cannot partially satisfy his obligations under the Note and Deed of Trust and then bring a claim for breach of contract to obtain the benefit thereof. Likewise, Plaintiff admits that he did not perform under the "loan modification offer" which Ocwen allegedly made. In a letter from Plaintiff to Ocwen dated September 11, 2014,

Plaintiff states that he could not afford the modified payments offered and requested to be reviewed again for a modification and offered payments closer to his original contracted payments. (Ex. K.) This letter also establishes that Plaintiff had no intention of accepting the alleged modification offer and therefore negates any allegation of damages. Because Plaintiff did not accept the alleged modification offer to form a contract.

**F. PLAINTIFF'S SIXTH CLAIM FOR RELIEF FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING FAILS.**

Plaintiff's claim for breach of the covenant of good faith and fair dealing relies solely on his other failed claims. To succeed on a cause of action for breach of the implied covenant of good faith and fair dealing, Plaintiff must present allegations that there was: (1) the existence of some specific contractual obligation; and (2) interference with Plaintiff's performance of the contract or failure to cooperate with the plaintiff.  *Racine & Laramie, Ltd. v. Department of Parks and Recreation* 11 Cal.App.4th 1026, 1031-1032, 1039 (1992).  "The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation." *Id.* at 1031-1032. "Allegations which assert such a claim must show that the conduct of the defendant…demonstrates a failure or refusal to discharge contractual responsibilities…by a conscious and deliberate act." *Careau & Co. v. Security Pacific Business Credit, Inc.* 222 Cal.App.3d 1371, 1395 (1990). Because the terms of the Deed of Trust specifically permit

foreclosure upon default, Plaintiff cannot allege breach of the implied covenant based on the enforcement of the Deed of Trust and recordation of the NOD. *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004) ("[t]he implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract.")

Accordingly, Plaintiff cannot maintain a claim for Breach of the Implied Covenant under California law. For reasons stated above, it was the fault of Plaintiff, not Ocwen, that he failed to cure his default. As such, Plaintiff cannot maintain his sixth claim.

## V.   CONCLUSION

For all of the reasons discussed above, Ocwen respectfully requests that the court grant this Motion to Dismiss in its entirety with prejudice and without leave to amend.

Respectively Submitted,

Dated:  December 28, 2015          **HOUSER & ALLISON, APC**

/s/ Bethany R. Burrill
Bethany R. Burrill
Attorneys for Defendant
Ocwen Loan Servicing, LLC

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                         ) SS
COUNTY OF ORANGE         )

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 9970 Research Drive, Irvine, California 92618.

    On December 28, 2015, I served the following document(s) described as follows:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

On the following interested parties in this action

Joseph R. Manning, Jr. Esq.
The Law Offices of Joseph R. Manning, Jr.
A Professional Corporation
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
*Attorneys for Plaintiff, John R. Chase*
E-mail: joe@manninglawoffice.com

Patricia L. Penny, Esq.
Wright, Finlay & Zak, LLP
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
*Attorneys for Defendant Residential Credit Solutions, Inc.*
E-mail: ppenny@wrightlegal.net

[X]    **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically by electronic filing through the CM/ECF System to the e-mail addresses listed above.  I am readily familiar with United States District Court's CM/ECF System, and the transmission was reported as complete without error.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

    Executed On December 28, 2015 at Irvine, California.

                /s/ Tami Krogle
                Tami Krogle